IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LISA MARIE OSTUNI, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-12-2489
:
PENNSYLVANIA ATTORNEY GENERAL, : (Judge Conaboy)
:
    Respondent :

FILED
SCRANTON

JUN 0 9 2014

PER _____
DEPUTY CLERK

### MEMORANDUM
### Background

    Lisa Marie Ostuni, an inmate presently confined at the State Correctional Institution, Muncy, Pennsylvania, filed this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254. Service of the Petition was previously ordered.

    Ostuni was arrested on September 4, 2009 and charged with aggravated assault (2 counts), endangering the welfare of children, simple assault, resisting arrest and disorderly conduct in the Monroe County, Pennsylvania Court of Common Pleas. On December 16, 2009, she entered a negotiated guilty plea while represented by counsel to one count of aggravated assault and disorderly conduct.[1] Ostuni was sentenced on January 26, 2010 to serve a nine (9) to eighteen (18) month term of imprisonment on the aggravated assault charge and a concurrent three (3) to twelve (12) month term on the disorderly conduct offense.

---

[1] The remaining four counts were *nolle prossed*.

1

Petitioner indicates that she served 17 months of that sentence.[2] See Doc. 1, ¶ 3.

There is no indication that a direct state court appeal was filed. However, Petitioner states, and it is undisputed that she sought collateral relief via a May 18, 2010 petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[3] Therein, Petitioner raised claims of ineffective assistance of counsel, unlawfully induced guilty plea and the truth determining process was undermined.[4] She was represented by counsel who eventually filed a petition to withdraw and a no merit letter. The trial court denied the PCRA action by decision dated November 19, 2010. There is no indication by Petitioner that she timely appealed the denial to the Superior Court.

Ostuni next filed a petition for writ of habeas corpus on December 16, 2010 which was denied by the trial court that same

---

[2] Although not apparent from the Petition, Ostuni is presently serving an unrelated sentence stemming from a guilty plea she entered to a charge of vehicular homicide.

[3] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

[4] Ostuni states that she also presented arguments that she was not given Miranda warnings, neither a breathalyser or blood test was performed, and no witnesses were called on her behalf

2

day. She then filed a motion for reconsideration of the PCRA denial which was also denied by the trial court. Petitioner untimely appealed that decision to the Superior Court. After being directed by the Superior Court to do so, Ostuni failed to timely file a concise statement of the matters complained of. Petitioner's appeal was dismissed by the Superior Court on January 10, 2012. Ostuni then filed an unsuccessful motion for reconsideration. By Order dated January 14, 2013, Ostuni's motion to appeal her January 26, 2010 sentence was denied by the Superior Court.

In her pending action, Ostuni claims entitlement to federal habeas corpus relief with respect to her December 16, 2009 guilty plea because she was "detained forcefully for my math skills with excessive force" and was handcuffed without being provided with her Miranda warnings. Doc. 1, ¶ 12. She also contends that there was insufficient evidence due to a lack of surveillance tape and failure to conduct breathalyser and blood testing. Petitioner additionally raises claims of falsified documents, judicial misconduct, and ineffective assistance of counsel. However, there is no argument by Ostuni that the sentence which she is presently serving for vehicular homicide was enhanced or negatively impacted by the December 16, 2009 guilty plea and resulting January 26, 2010 sentence which are the subject of this federal habeas corpus action.

Respondent seeks dismissal of Petitioner's action for failure to exhaust state court remedies. The response also asserts that Petitioner's pending arguments are meritless.

## Discussion

Ostuni's present Petition, which was filed on December 4, 2012,[5] acknowledges she has completed service of her 2009 state sentence which is the subject of this pending action. Specifically Petitioner states that she served seventeen (17) months of the nine (9) to eighteen (18) month sentence which was imposed on January 26, 2010. See Doc. 1, ¶ 3. Moreover, the United States Court of Appeals for the Third Circuit in addressing a civil rights action filed by Petitioner stemming from the same criminal charges being challenged in this habeas corpus action, recognized that as of June 13, 2013 (prior to the initiation of this matter), Ostuni had "fully served" that sentence and was now serving an unrelated sentence for homicide by vehicle while driving under the influence. Ostuni v. Wa Wa's Mart, 532 Fed Appx. 110, n.1 (3d Cir. Aug. 22, 2013)

Pursuant to § 2241(c)(1) a habeas petitioner must make a showing that he is "in custody under or by color of the authority of the United States." See also Carfas v. LaVallee, 391 U.S. 234, 238 (1968)(a habeas petitioner must be in custody under the

---

[5] The Petition is dated December 4, 2012 and will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court).

conviction or sentence under attack at the time his petition is submitted).

In Daniels v. United States, 532 U.S. 374 (2001), the Supreme Court established that if a prior expired sentence which was no longer open to direct or collateral review in its own right is used to enhance a federal sentence, the prior expired sentence is not open to collateral attack via a motion under 28 U.S.C. § 2255. In reaching that determination, the Supreme Court stressed the need for finality of convictions and ease of administration.

A subsequent Supreme Court ruling, Lackawanna County v. Coss, 532 U.S. 394 (2001), addressed Coss' challenge to a 1986 state conviction which he was no longer serving. Specifically, Coss was serving a 1990 sentence and he contended that he could still challenge the 1986 state sentence because it had negatively impacted his 1990 sentence. The Supreme Court, again noting the need for finality of convictions and ease of administration, held that a habeas petitioner may not collaterally attack a prior state conviction which is no longer open to direct or collateral review in its own right unless there was a failure to appoint counsel under the Sixth Amendment. See id. at 403-04.

As noted by the Supreme Court in Daniels, habeas corpus and similar collateral remedies "are not available indefinitely and without limitation." Daniels, 532 U.S at 375. The Court in Coss noted that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies (or because the

5

defendant did so unsuccessfully) the conviction may be regarded as conclusively valid." Coss, 532 U.S. at 403. See also Maleng, 490 U.S. at 492 (federal habeas corpus relief should not be extended "where a habeas petitioner suffers no present restraint from a conviction.").

The present Petition acknowledges that Ostuni fully completed service of the to the 9-18 month sentence which was imposed in January 2010 and which is the subject of this § 2254 action prior to her initiation of this action. Second, this is not a case where the petitioner was not represented by counsel during his state criminal prosecution. Since this is not a situation where a habeas petitioner is seeking to challenge a current sentence on the grounds that it was increased/enhanced by an expired conviction and sentence, Ostuni's present § 2254 petition cannot be entertained by this Court. Accordingly, under the standards developed in Maleng, Daniels, and Coss, the petition for writ of habeas corpus is subject to dismissal.

_____
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 9th, 2014